UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

BERNETA A. JOHNSON )
    Plaintiff, )
)
V. ) NO. 2:08-CV-50
)
WILSHIRE CREDIT CORPORATION, )
MORGAN STANLEY ABS CAPITAL I )
INC. TRUST 2004–SD3, MR DEFAULT SERVICES, )
LLC, and NATIONWIDE TRUSTEE SERVICES, )
INC. )
    Defendants. )

## MEMORANDUM OPINION AND ORDER

This civil action is before the Court on the motions to dismiss the first amended complaint pursuant to Fed. R. Civ. P. 12(b)(6) filed by Wilshire Credit Corporation ("Wilshire"), and Morgan Stanley Trust ABS Capital I, Inc., Trust 2004-SD3, ("Morgan Stanley"), [Docs. 35, 39], and, in part, to address the motions to dismiss, or, in the alternative, for summary judgment filed by MR Default Services, LLC ("MR Default") and Nationwide Trustee Services, LLC" ("Nationwide"), [Doc. 19].[1] All of these motions seek dismissal of the plaintiff's claims of violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"). For the reasons which follow, all of these motions will be denied.

---

[1] This Court has previously ruled on the motions of MR Default and Nationwide as to all issues raised by the motions except for plaintiff's claims under the Fair Debt Collection Practices Act. See Doc. 54.

## I. Factual Background

In 2000, plaintiff defaulted on her mortgage loan, which had been purchased by Countrywide Home Loans. On February 13, 2001, she filed a Chapter 13 bankruptcy case and a Chapter 13 plan which provided for a cure of the default of her mortgage loan, and received a discharge of all pre-petition debts on June 2, 2006. Sometime in 2004, after plaintiff had defaulted on the mortgage loan, the mortgage loan was purchased by Morgan Stanley for purposes of collection and servicing rights to the loan were assigned to Wilshire for purposes of collection on behalf of Morgan Stanley and Deutsche Bank National Trust Company ("Deutsche Bank").[2] Wilshire sent collection letters to plaintiff on November 16, 20, 27 and December 18, 2007, and on January 16 and 17, 2008, which generally claimed past due amounts on the loan and that the loan was in default. According to plaintiff's complaint, the loan was not in default.

On January 24, 2008, Nationwide, an entity which provides trustee services to various law firms, was appointed substitute trustee by Deutsche Bank. MR Default, on behalf of the law firm engaged to foreclose on plaintiff's property, prepared various foreclosure related notices, including correspondence to plaintiff dated January 25, 2008, and the enclosed notice of substitute trustee sale (Ex. H to plaintiff's complaint) which scheduled a foreclosure sale on February 21, 2008.[3] The

---

[2] Deutsche Bank National Trust Company, as Trustee for the Morgan Stanley Trust ABS Capitol I, Inc. Trust 2004-SD3, was voluntarily dismissed by the plaintiff on January 21, 2009.

[3] A copy of the January 25 letter and notice of substitute trustee sale was attached to the affidavit of Marty M. Stone, filed in support of the motion of Nationwide and MR Default. These documents differ from Exhibit H to plaintiff's complaint. Although both are dated January 25, 2008, and have the same certified mail receipt number, the one submitted by Nationwide and MR Default is signed "Prommis Solutions, LLC on behalf of Nationwide Trustee Services, Inc." and references a foreclosure sale scheduled February 21, 2008, while Exhibit H to plaintiff's complaint is signed by "MR Default Services on behalf of Nationwide Trustee Services, Inc." and references a foreclosure sale scheduled for February 28, 2008.

2

notice recited that plaintiff's mortgage was in default; no foreclosure sale, however, was ever conducted. Plaintiff alleges that Wilshire, Morgan Stanley, MR Default and Nationwide are "debt collector[s]" as that term is defined in 15 U.S.C. § 1692(a)(6). Plaintiff alleges that the collection letters sent on November 16, 20, 27 and December 18, 2007 and on January 16, 17 and 25, 2008, were in violation of numerous and multiple provisions of the FDCPA, including 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(3), 1692e(5), 1692e(10) and 1692f. In addition, the plaintiff alleges that the January 25, 2008, communication from MR Default violated 15 U.S.C. §§ 1692g(a)(1), (3)-(5).

## II. Legal Standard

### A. Motion to Dismiss

The United States Supreme Court has recently reiterated the standard for courts to adhere to when considering a motion pursuant to Rule 12(b)(6) to dismiss for failure to state a claim upon which relief can be granted:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [citations omitted], a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *See Papasan v. Allain*, 478 U.S. 265, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure §1216, pp. 235-236 (3d. Ed. 2004) . . . ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") [footnote omitted], on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964-65, 167 L.Ed. 2d 929 (2007). When considering a motion to dismiss for failure to state a claim, the court must assume that all of

3

the well-pleaded factual allegations in the complaint are true and must construe those facts in a light most favorable to the plaintiff. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). In other words, once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Twombly,* 127 S.Ct. at 1967 (citing *Sanjuan v. Amer. Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)).

### B. Motion For Summary Judgment

MR Default and Nationwide have attached to their motion certain documents, along with the affidavit of Marty M. Stone. When, on a motion under Rule 12(b)(6), matters outside the pleadings are presented to and not excluded by the Court, the motion must be treated as one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d). The plaintiff has had ample notice and opportunity to respond to these matters outside the pleadings and the Court will, therefore, treat the motion of MR Default and Nationwide as a motion for summary judgment.

Summary judgment is proper where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In ruling on a motion for summary judgment, the Court must view the facts contained in the record and all inferences that can be drawn from those facts in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis, Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). The Court cannot weigh the evidence, judge the credibility of witnesses, or determine the truth of any matter in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of demonstrating that no genuine issue of material

4

fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To refute such a showing, the non-moving party must present some significant, probative evidence indicating the necessity of a trial for resolving a material factual dispute. *Id.* at 322. A mere scintilla of evidence is not enough. *Anderson*, 477 U.S. at 252; *McClain v. Ontario, Ltd.*, 244 F.3d 797, 800 (6th Cir. 2000). The court's role is limited to determining whether the case contains sufficient evidence from which a jury could reasonably find for the non-moving party. *Anderson*, 477 U.S. at 248-49; *Nat'l Satellite Sports*, 253 F.3d at 907. If the non-moving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323. If the court concludes that a fair-minded jury could not return a verdict in favor of the non-moving party based on the evidence presented, it may enter a summary judgment. *Anderson*, 477 U.S. at 251-52; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

The party opposing a Rule 56 motion may not simply rest on the mere allegations or denials contained in the party's pleadings. *Anderson*, 477 U.S. at 256. Instead, an opposing party must affirmatively present competent evidence sufficient to establish a genuine issue of material fact necessitating the trial of that issue. *Id.* Merely alleging that a factual dispute exists cannot defeat a properly supported motion for summary judgment. *Id.* A genuine issue for trial is not established by evidence that is "merely colorable," or by factual disputes that are irrelevant or unnecessary. *Id.* at 248-52.

**III.   Analysis**

The plaintiff alleges illegal efforts on the part of each defendant to collect a consumer debt in violation of the FDCPA. The FDCPA was enacted to "eliminate abusive debt collection practices

by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e)  The statute defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). A debt is "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5).

As set forth by the clear language of the statute, liability can attach only to those who meet the statutory definition of a "debt collector." Each of the defendants herein asserts that it is not a debt collector within the meaning of the FDCPA.

### A.      The Motion of MR Default and Nationwide

MR Default and Nationwide argue that, due to the capacity in which they "acted *vis-a´-vis* the plaintiff–as foreclosure agents proceeding to enforce a secured party's rights under a Deed of Trust," they are not debt collectors within the meaning of the FDCPA and therefore are entitled to summary judgment. 15 U.S.C. § 1692a(6), which contains the definition of "debt collector" as quoted above, provides that "[f]or the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interest." MR Default and Nationwide specifically argue that they were engaged to foreclose Deutsche Bank's deed of trust

6

to the plaintiff's property, "were clearly only enforcing a security interest," and therefore do not meet the definition of debt collector, making them only subject to the provisions of 15 U.S.C. § 1692f(6).

As an initial matter, plaintiff's complaint asserts a claim against MR Default and Nationwide under 15 U.S.C.§ 1692f, as well as other provisions of the FDCPA. It thus appears that even if MR Default and Nationwide are correct in their position, they would be entitled to dismissal only of the non-§ 1692f(6) claims. Plaintiff disputes that the actions of MR Default and Nationwide fall outside the proscription of the FDCPA and argues that, even if the Court regards their actions as security interest enforcers, they have failed to cite any Sixth Circuit authority to support their position. It appears reasonably clear, however, in the Sixth Circuit that a person whose business has the principal purpose of enforcing security interests but who does not otherwise satisfy the definition of a debt collector is subject only to 15 § 1692f(6). *See Montgomery v. Huntington Bank*, 346 F.3d 693, 699-700 (6th Cir. 2003), citing *Jordan v. Kent Recovery Servs., Inc.*, 731 F.Supp. 652, 659 (D. Del. 1990). This Court is constrained to agree with MR Default and Nationwide that an entity whose business has the principal purpose of enforcing security interests, without more, is not subject to any of the provisions of the FDCPA except for §1692f. It also appears clear, however, that MR Default and Nationwide, who appear to have been engaged in the enforcement of a security agreement in the foreclosure pursuant to Deutsche Bank's deed of trust, can escape the remaining provisions of the FDCPA only if they do not otherwise satisfy the definition of a debt collector. Relying on *Kaltenbach v. Richards*, 464 F.3d 524 (5th Cir. 2006), MR Default and Nationwide appear to argue that they need only to show that they were enforcing a security interest "[i]n the context of the foreclosure proceedings here at issue." The *Kaltenbach* court, however, does not

7

appear to have gone that far. In fact, the *Kaltenbach* court, after considering whether or not the defendant in that case was involved in the enforcement of a security interest as it related to that case, went further to consider whether or not the defendant "satisfies the general definition of a debt collector, even though he was merely enforcing a security interest in his dealings with Kaltenbach." *Kaltenbach*, 464 F.3d at 527.

While the affidavit submitted by MR Default and Nationwide establishes that Nationwide is "an entity which provides trustee services to various law firms and lenders, which services included, inter alia acting as Substitute Trustee pursuant to the provisions of deeds of trust, and conducting foreclosure sales," the record does not contain evidence from which this Court can conclude that there is no material issue of fact on the issue of whether or not Nationwide "otherwise" meets the definition of a debt collector. Absent an affirmative showing that Nationwide is not a debt collector, and in the face of plaintiff's allegation in her complaint that Nationwide meets the definition of "debt collector", summary judgment will be denied as to Nationwide. With respect to MR Default, its affidavit establishes that MR Default prepared various foreclosure related notices and correspondence and recorded the appointment of substitute trustee, which it also prepared. Once again, however, the affidavit submitted by MR Default does not affirmatively establish that it is not otherwise a debt collector, even though it may have been acting only in connection with the foreclosure proceedings in the present case. For the same reason then, MR Default's motion for summary judgment will also be denied.

### B.    The Motions of Wilshire Credit and Morgan Stanley

Both Wilshire Credit and Morgan Stanley, for different reasons, argue that they are not a "debt collector" within the meaning of the FDCPA and are therefore entitled to be dismissed from

8

this action pursuant to Fed. R. Civ. P. 12(b)(6). More specifically, Morgan Stanley argues that plaintiff has failed to allege that Morgan Stanley undertook any action to collect on the mortgage loan underlined in this dispute and, therefore, cannot be held vicariously liable for the action of any other defendant. Wilshire Credit argues that it is a "mortgage servicing company" that was assigned the loan after it had been subjected to a Chapter 13 bankruptcy and thus the loan was not in default when Wilshire obtained the mortgage.

Relying on *Downs v. Clayton Homes, Inc.*, 88 F. Appx.851 (6th Cir. 2004), Morgan Stanley argues that it is not a debt collector as defined by statute because it "never attempted to collect a payment" on the debt owed by plaintiff. In *Downs*, the Sixth Circuit affirmed a grant of summary judgment by the district court where the defendant had assigned its installment note without collecting any payments. Because, according to Morgan Stanley, the amended complaint alleges that Morgan Stanley purchased plaintiff's mortgage loan and assigned it to Wilshire Credit without collecting any payments from plaintiff, Morgan Stanley is not a debt collector as defined by the FDCPA and cannot be held liable thereunder. This Court is required however, to read plaintiff's complaint in the light most favorable to her in deciding a Rule 12(b)(6) motion. In reading the complaint in the light most favorable to the plaintiff, a reasonable inference to be drawn from the complaint is that Morgan Stanley did in fact collect payments from the plaintiff from "[s]ometime in 2004" until "[s]ometime in late 2007 or early 2008," when Morgan Stanley assigned the debt to Nationwide and/or MR Default. In addition, the complaint alleges that Morgan Stanley took the assignment of a defaulted debt, and therefore would be treated as a debt collector under the FDCPA. *See Waddlington v. Credit Acceptance Corp.*, 76 F.3d 103, 106-07 (6th Cir. 1996)*; Bailey v. Security Nat'l Servicing Corp.*, 154 F.3d 384, 387 (7th Cir. 1998). The plaintiff has, therefore, alleged

sufficient facts to survive a Rule 12(b)(6) motion by Morgan Stanley. For the same reason, Morgan Stanley's argument that it may not be held vicariously liable for the improper acts of its agents in the process of collecting a debt under the FDCPA also fails.

Wilshire Credit, on the other hand, argues that since it is clear that it was simply a mortgaging service company or assignee of a debt, it is not a debt collector as contemplated by the FDCPA, as long as the assigned debt was not in default when the mortgage loan was assigned. Wilshire Credit bases its argument on its assertion that because the plaintiff's mortgage was assigned to Wilshire Credit while the mortgage loan was subject to a confirmed Chapter 13 plan, the loan was not in default. The plaintiff responds to Wilshire Credit by pointing to Wilshire collection statements and letters which state that the loan was in default and she also attaches certain records from the "chapter 13 trustee online case status system" to bolster her argument. It thus appears that both Wilshire and plaintiff ask this Court to assume matters outside the record to decide the motion-something the Court is not permitted to do. Reading plaintiff's complaint in the light most favorable to her, the Court cannot say that the plaintiff has not adequately pled sufficient facts to defeat the Rule 12(b)(6) motion. It will, therefore, be denied.

**IV.    Conclusion**

For the reasons set forth herein, the motion of MR Default and Nationwide to dismiss plaintiff's FDCPA claims or, in the alternative, for summary judgment, is DENIED, [Doc. 19] and the motions of Wilshire Credit and Morgan Stanley to dismiss the first amended complaint are likewise DENIED, [Docs. 35 and 39].

So Ordered.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE